UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. WHITEAKER, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 2:17-CV-0043-ERW <br> ) |
| NANCY A. BERRYHILL, Deputy <br> Commissioner of Operations for <br> Social Security,[1] | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the application of Michael Whiteaker ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq.* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (ECF No. 18), and Defendant has filed a brief in support of the Answer (ECF No. 23).

## **I. Procedural History**

Plaintiff filed his applications for DIB and SSI under Titles II and XVI of the Social Security Act on July 3, 2014. Plaintiff claimed he became disabled on March 20, 2014, because of depression, anxiety, post-traumatic stress disorder, back pain, a bulging disk, headaches, diabetes, high blood pressure, reflux, and breathing problems. (Tr. 366.) Plaintiff was initially denied relief on November 3, 2014. (Tr. 283-289). At Plaintiff's request, a hearing was held on

---

[1] Nancy A. Berryhill's term as Acting Commissioner of Social Security expired in November 2017. She continues to lead the agency as Deputy Commissioner of Operations.

1

February 24, 2016, before an Administrative Law Judge ("ALJ"), at which Plaintiff and a vocational expert testified. (Tr. 178-214.) After the hearing, the ALJ found Plaintiff was not disabled from March 20, 2014, through the date of his decision, dated May 10, 2016. (Tr. 135-152.) On June 3, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-7.) Thus, the ALJ's decision stands as the final decision of the Commissioner.[2]

In this action for judicial review, Plaintiff claims the ALJ's decision is not supported by substantial evidence on the record as a whole. Specifically, Plaintiff argues that: 1) the ALJ erred in rejecting the medical opinion of treating physician, Dr. Erin Humphrey; and 2) on remand, the ALJ should consider the new and material evidence Plaintiff submitted to the Appeals Council on July 8, 2016.

For the reasons that follow, the ALJ did not err in his determination.

## II. Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, the Court adopts Plaintiff's recitation of facts set forth in his Statement of Uncontroverted Facts (ECF 18-1) and notes that they are admitted in their entirety by the Commissioner (ECF 23-1). The Court also adopts the additional facts set forth in the Commissioner's Statement of Additional Facts (ECF 23-2) and notes they are unrefuted by Plaintiff. Together, these statements provide a fair and accurate description of the relevant record before the Court.

Additional specific facts will be discussed as needed to address the parties' argument.

---

[2] Plaintiff has filed prior applications for benefits. On July 30, 2010, Plaintiff filed an application for Title II benefits. His claims were denied on September 28, 2010, and he did not request a hearing before an ALJ. On May 25, 2012, Plaintiff filed an application for Title II and Title XVI benefits. His claims were denied and he requested a hearing before an ALJ. On March 19, 2014, the ALJ found Plaintiff had not been under a disability through the date of his March 19, 2014 decision. Plaintiff did not file a request for review with the Appeals Council, so this decision remains effective as of March 19, 2014. The alleged onset date in this action is one day later, March 20, 2014.

## III. Discussion

### A. <u>Legal Standard</u>

To be eligible for disability insurance benefits under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590–91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity." 20 C.F.R. §§ 416.920(a), 404.1520(a).

Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of

impairments would have no more than a minimal impact on [his or] his ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001)). Third, the claimant must establish that his or his impairment meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Before considering step four, the ALJ must determine the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as "the most a claimant can do despite his limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if the claimant cannot, the analysis proceeds to the next step. *McCoy*, 648 F.3d at 611.

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v). Through step four, the burden remains with the claimant to prove that he is disabled. *Brantley v. Colvin*, No. 4:10CV2184 HEA, 2013 WL 4007441, at *3 (E.D. Mo. Aug. 2, 2013) (citation omitted). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.* "The ultimate burden of

persuasion to prove disability, however, remains with the claimant." *Meyerpeter v. Astrue*, 902 F.Supp. 2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

To determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole, the Court must review the entire administrative record and consider: 1) the credibility findings made by the ALJ; 2) the plaintiff's vocational factors; 3) the medical evidence from treating and consulting physicians; 4) the plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments; 5) any corroboration by third parties of the plaintiff's impairments; 6) the testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment. *Stewart v. Secretary of Health & Human Servs.*, 957 F.2d 581, 585–86 (8th Cir. 1992) (internal citations omitted). *See also Frederick v. Berryhill*, 247 F. Supp. 3d 1014, 1018–19 (E.D. Mo. 2017).

The Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). The Court

may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

## B. The ALJ's Decision

The ALJ's Decision conforms to the five-step process outlined above. The ALJ found Plaintiff met the requirements of the Social Security Act through December 31, 2014, and that he had not engaged in substantial gainful activity since March 20, 2014. (Tr. 138.) The ALJ found that Plaintiff's degenerative disc disease, osteoarthritis, right carpel tunnel syndrome, vertigo, obstructive sleep apnea, obesity, depression, and anxiety were severe impairments, but that these impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 138-143.)

With regard to the severity of Plaintiff's mental impairments, the ALJ specifically determined that they did not meet or medically equal the criteria of the Listings 12.04 (depressive, bipolar and related disorders) and/or 12.06 (anxiety and obsessive-compulsive disorders).

The ALJ further determined Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that he

> is limited to work that involves only simple, routine tasks and simple work related decisions. He can have no interaction with the public and only occasional interaction with coworkers and supervisors. The claimant is limited to low stress work defined as involving only occasional decision-making and only occasional changes in the work setting.

(Tr. 143.)

The ALJ determined that this RFC prevented Plaintiff from performing his past relevant work as an emergency medical technician or machine operator, robotics. (Tr. 150.) Considering Plaintiff's RFC and his age, education, and work experience, the ALJ found vocational expert

testimony to support a conclusion that Plaintiff could perform work as it exists in significant numbers in the national economy, including as an injection molder, hand presser, and housekeeper. (Tr. 151.) The ALJ therefore found Plaintiff not to be disabled. (Tr. 152.)

### C. <u>Analysis of Issues Presented</u>

In his brief in support of his complaint to this Court, Plaintiff argues that the ALJ's decision should be reversed and remanded as "[t]he ALJ erred in rejecting the medical opinion of the treating psychiatrist, Dr. Erin Humphrey." (ECF No. 18 at 7.) Plaintiff also contends he submitted new and material evidence to the Appeals Council that the ALJ should consider on remand. *Id.* at 13. The Court addresses each of Plaintiff's proffered issues below.

#### 1. <u>The ALJ Failed to Properly Weigh Opinion Evidence</u>

Plaintiff contends the ALJ erred in affording only "some" weight to Dr. Humphrey's medical opinion regarding his mental impairments. Plaintiff asserts Dr. Humphrey's opinion was entitled to controlling weight pursuant to 20 C.F.R. § 404.1527(c)(2). The Court disagrees and finds the ALJ's choice fell within his discretion.

On March 3, 2016, Dr. Humphrey completed Medical Source Statement of Ability to Do Work-Related Activities (Mental). (Tr. 775-77.) With regard to Plaintiff's social functioning, Dr. Humphrey indicated Plaintiff had marked limitations in his ability to 1) interact appropriately with the public, and 2) respond to usual work situations and changes in a routine work setting. (Tr. 776.) Dr. Humphrey opined Plaintiff had moderate limitations interacting with supervisors and co-workers. (Tr. 776.) In support of her assessment of Plaintiff's social limitations, Dr. Humphrey noted Plaintiff suffered from panic attacks in crowds, was isolative at home and became easily angered with environmental changes. (Tr. 776.) Dr. Humphrey indicated Plaintiff would miss work more than four days per month due to his impairments, would be off task more

7

than 25 percent of the day because his symptoms would interfere with his attention and concentration, and would need daily unscheduled breaks lasting 1 to 2 hours due to panic attacks and anxiety. (Tr. 776-77.)

The ALJ gave Dr. Humphrey's medical opinion only "some weight." (Tr. 149.)[3] The ALJ discounted Dr. Humphrey's opinion regarding Plaintiff's social limitations because it was "based on [Plaintiff's] subjective reports and [was] inconsistent with the preponderance of the evidence, which shows improvement of Plaintiff's mental health symptoms with therapy and medication management. (Tr. 149.) Because state agency psychological consultant Dr. Stanley Hutson's opinion was consistent with the record as a whole showing improvement of Plaintiff's symptoms, the ALJ gave it significant weight. Dr. Hutson opined that Plaintiff's mental impairments caused mild to moderate limitations in functioning. Plaintiff contends the ALJ erred in evaluating the opinion evidence regarding his mental impairments. First, Plaintiff argues Dr. Humphrey's medical opinion was entitled to controlling weight pursuant to 20 C.F.R. § 404.1527(c)(2). The Court disagrees and finds the ALJ's choice fell within his discretion.

In determining whether a claimant is disabled, medical opinions are considered by the ALJ together with the rest of the relevant evidence received. 20 C.F.R. § 404.1527(b). The amount of weight given to a medical opinion is to be governed by a number of factors including

---

[3] Specifically, the ALJ stated that he gave Dr. Humphrey's medical opinion only some weight to the extent it was consistent with the Paragraph B findings and the RFC. (Tr. 149.) The RFC is recited above. Listings 12.04 (depressive disorders) and 12.06 (anxiety disorders), have three paragraphs, designated A, B, and C; A claimant's mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Paragraph A includes the medical criteria that must be present in the medical evidence. *Id.* Paragraph B of each listing provides the functional criteria to evaluate how a claimant's mental disorder limits her functioning. *Id.* Here, in analyzing the Paragraph B criteria, the ALJ found Plaintiff had mild restriction on activities of daily living, moderate difficulties in social functioning, and moderate difficulties in maintaining concentration, pace or persistence. (Tr. 142-43.)

the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. § 404.1527(c). Generally, more weight is given to opinions of sources who have treated a claimant, and to those who are treating sources.[4] 20 C.F.R. § 404.1527(c)(2); *Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003). The regulations provide that a treating source's opinion on the issue of the nature and severity of the impairment is to be given controlling weight, where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527 (d)(2). The ALJ must give good reasons to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2). Where controlling weight is not given to a treating source's opinion, it is weighed according to the factors enumerated above. *Shontos*, 328 F.3d at 426.

Here, as observed by the ALJ, the social restrictions opined by Dr. Humphrey are inconsistent with the evidence on the record as a whole. Dr. Humphrey indicated Plaintiff would be off task due to his impairments more than 25 percent of the day and needed daily unscheduled breaks lasting 1 to 2 hours due to his panic attacks and anxiety. Plaintiff testified that he experienced nightly panic attacks and had 3-4 attacks a week during the daytime. However, the severity of Dr. Humphrey's restrictions and Plaintiff's subjective complaints are not documented in the medical evidence of record, which reflects Plaintiff had more moderate limitations due to his conditions. For example, treatment records reveal Plaintiff was doing well on his medications. On February 3, 2014, Plaintiff told Dr. Spalding that Zoloft was helping with his anxiety and that he was sleeping and eating well. (Tr. 475.) Plaintiff reported to Dr. Humphrey

---

[4] The regulations describe a treating source as an "acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1527(a)(2). The parties do not dispute Dr. Humphrey is a "treating source."

9

later in the year that the medication prescribed to him by his primary care physician was helping him greatly with his panic attacks and his anxiety. (Tr. 727.) Although Plaintiff initially saw Dr. Humphrey every 6 weeks, in late September 2015, Dr. Humphrey advised him to follow up in 3 months. (Tr. 598). Then, on January 25, 2016, he told his provider that he was doing well on his medications and had no new complaints about his anxiety. (Tr. 759.)

Like the evidence of medication management, the record further reflects the improvement of Plaintiff's symptoms with therapy. Treatment notes from Plaintiff's therapy sessions at Quincy Medical Group indicate Plaintiff was making progress dealing with his anxiety and panic attacks. Initially, on October 19, 2015, Plaintiff reported to his therapist that he had nightmares most nights and feared waking up with panic. (Tr. 796.) Subsequent sessions contain notes indicating that Plaintiff was gaining knowledge and understanding about his symptoms and learning coping strategies. (Tr. 790, 793.) Plaintiff reported to his therapist on December 14, 2015, that he only had a "couple" of panic attacks recently. (Tr. 740.)

Moreover, as noted by the ALJ, recent reviews of Plaintiff's symptoms have been negative and his mental health status examinations have been essentially normal. (Tr. 744, 759, 763, 769.) The Court's review of the record shows Plaintiff does not consistently complain of severe, frequent daily panic attacks to his medical providers. Although Dr. Humphrey opined Plaintiff had marked social limitations interacting with the public and responding to work situations, the record indicates Plaintiff has never been fired or laid off due to problems getting along with others, that he visits with family a couple of times a month, goes to family functions, has been getting out of his house on a daily basis, and shops once a week for groceries. (Tr. 382-84.) Based upon its review of the record, the Court finds substantial evidence supporting the

ALJ determination that the social limitations set forth by Dr. Humphrey are inconsistent with the record as a whole.[5]

Plaintiff argues on remand the ALJ should consider certain records submitted to the Appeals Council after the ALJ's decision because they provide support for Dr. Humphrey's opinion. The Court will address in the next section the broader question of whether all of the medical records submitted to the Appeals Council require remand. Here, the Court will consider the more narrow issue of whether the portion of the records submitted to the Appeals Council relating to Plaintiff's mental health support Dr. Humphrey's opinion as urged by Plaintiff. Plaintiff specifically cites to Dr. Humphrey's treatment notes from December 14, 2015, claiming these notes are consistent with Dr. Humphrey's opinion because they report Plaintiff suffers from PTSD and a major depressive disorder, takes Alprazolam, Lamotrigine and Sertraline for his mental health symptoms, and attends counseling. However, while these observations certainly support the undisputed conclusion that Plaintiff had severe mental impairments, the same notes indicate Plaintiff's symptoms were improving with medication and therapy, which, as discussed above, is inconsistent with the severe restrictions opined by Dr. Humphrey. Specifically, at the

---

[5] Plaintiff submitted two scholarly articles to the Appeals Council and now urges the Court to consider them as well. The articles expound on the medical models and interview techniques utilized by clinicians to diagnose psychiatric patients. Essentially, Plaintiff appears to be utilizing the articles to argue that Dr. Humphrey's clinical experience and training should give more weight to her opinion even if it is based upon Plaintiff's subjective complaints, as noted by the ALJ. Here, the Court declines to find the ALJ erred on the basis of these articles as it was within the ALJ's discretion to discount Dr. Humphrey's opinion because it was inconsistent with substantial evidence in the record. An ALJ is justified in affording less weight to a treating source's opinion on the issue of the nature and severity of an impairment where the opinion is inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527 (d)(2).

December 14, 2015 appointment, Plaintiff reported his mood was "overall stable," he was actively participating in therapy, and felt therapy was beneficial. (Tr. 8.)

Other medical records submitted to the Appeals Council similarly record improvements due to medication and therapy. On March 16, 2016, Dr. Humphrey observed Plaintiff "still has some trouble with anxiety and depression but feels that his medications help him quite a bit" and that Plaintiff "continues to attend counseling every two weeks and finds it beneficial." (Tr. 466.) Northeast Missouri Health Council treatment notes from March 16, 2016, state Plaintiff's generalized anxiety disorder was "stable" and the patient health questionnaire revealed only "moderate" depression. (Tr. 167-68.) Likewise, a February 2016 psychiatric evaluation by Jeffrey Harden states Plaintiff acknowledged counseling was providing significant benefits to him in stabilizing his emotional condition if not improving it. (Tr. 158.) Thus, although Plaintiff argues these additional medical records are consistent with Dr. Humphrey's opinion, the Court's review shows the records support the ALJ's discounting of Dr. Humphrey's social limitations.

Plaintiff also argues the ALJ erred in only giving partial weight to Plaintiff's Global Assessment of Functioning (GAF) score of 45-50 recorded in Dr. Humphrey's November 25, 2014 treatment notes (Tr. 610). Plaintiff contends this score provides evidence of disability and is consistent with Dr. Humphrey's opinion. The Eighth Circuit, citing the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM–IV), has previously stated that GAF scores below 50 are an indication of serious symptoms and a serious limitation on a claimant's ability to perform basic life tasks. *See Pate–Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir.2009). However, the DSM–V, released in 2013 and replacing the DSM–IV cited by the Eighth Circuit, no longer uses GAF scores to rate an individual's level of functioning because of "its conceptual lack of clarity" and "questionable psychometrics in routine practice." *Vandevort*

12

*v. Colvin*, No. 6:13-CV-03453-NKL, 2015 WL 852827, at *8 (W.D. Mo. Feb. 26, 2015) (quoting the DSM–V). Here, as discussed above, other evidence in the record is inconsistent with a GAF score indicating serious limitations on the ability to function. *See Wright v. Astrue*, 489 Fed. Appx. 147, 149 (8th Cir. 2012) (failure to discuss GAF scores did not require reversal given ALJ's comprehensive analysis of the medical evidence, the infrequency of the GAF scores, the range of the GAF scores, the claimant's conflicting activities, and the conflicting medical evidence); *Jones v. Astrue*, 619 F.3d 963, 973–74 (8th Cir. 2010).

Accordingly, the ALJ was justified in giving less than controlling weight to the opinion set forth in Dr. Humphrey's statement. The ALJ explained why he chose to discount the opinion, and that explanation offered a sufficient basis to support that decision. *Coffman v. Berryhill*, No. 4:16 CV 566 JMB, 2017 WL 3720074, at *16 (E.D. Mo. Aug. 29, 2017). *Cf. Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015) (finding error when the ALJ offered no basis to give an opinion non-substantial weight).

Plaintiff also briefly disputes the "significant" weight given by the ALJ to the opinion of state agency psychological consultant, Dr. Stanley Hutson. Dr. Hutson acknowledged Plaintiff's severe impairments, but concluded his resulting limitations were mild to moderate. After reviewing Plaintiff's medical records, Dr. Hutson noted Plaintiff's medications were helping him and his anxiety was stable. Plaintiff contends Dr. Hutson's opinion should be discounted as he failed to review any psychological or mental health records later than the alleged onset date (AOD). However, Plaintiff's assertion is not borne out by the record. Per the Court's review of the Disability Determination Explanation prepared by Dr. Hutson, he discusses records of treatment dated after the AOD of March 20, 2014. (Tr. 223.) Moreover, the list of evidence received detailed in the Determination clearly includes records of treatment occurring between

13

the AOD and the date of Dr. Hutson's opinion, October 31, 2014. Plaintiff further takes issue with the weight given to Dr. Hutson's opinion based upon the October 31, 2014 date of his determination, noting that medical records obtained after this date through the ALJ's decision were not considered by him. However, as discussed above, the medical records as whole, including more recent records, show improvement with medication management and therapy supporting moderate social limitations, such as those proffered by Dr. Hutson. As such, the Court finds substantial evidence supporting the significant weight given by the ALJ to Dr. Hutson's opinion.

## 2. **Additional Evidence Submitted to the Appeals Council**

Plaintiff submitted additional evidence he claims is "[n]ew and material" to the Appeals Council on July 8, 2016. The Appeals Council considered the new evidence submitted that related to the time period covered by the ALJ's decision, but ultimately denied review. Plaintiff does not directly challenge the Appeals Council's determination. Instead, Plaintiff requests that the evidence be considered *by the ALJ on remand*. However, as discussed above, substantial evidence supports the ALJ's decision and remand is not required.

To the extent that Plaintiff may be attempting to argue the new evidence itself requires remand, the Court finds this argument without merit. The Appeals Council, under the *Social Security Administration Final Rule*, will review a case if "the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." *Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process*, 81 FR 90987-01 (December 16, 2016). The Appeals Council noted that 112 pages of treatment records proffered by Plaintiff did "not

relate to the period at issue" and did "not affect the decision about whether [Plaintiff] was disabled beginning on or before May 30, 2016." (Tr. 2.)

With respect to the remaining treatment records submitted that related to the period covered by the ALJ's decision, the Appeals Council concluded this evidence did "not show a reasonable probability that it would change the outcome of the decision." *Id.* Based upon its own review of the additional evidence, this Court agrees. When "the Appeals Council considers new evidence but denies review, [the reviewing Court] must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence." *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007). In his brief, Plaintiff sets forth evidence he submitted to the Appeals Council which should have been considered by the ALJ. Here, even considering this evidence, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole.

### 3. Conclusion

When reviewing an adverse decision by the Commissioner, the Court's task is to determine whether the decision is supported by substantial evidence on the record as a whole. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). "Substantial evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." *Id.* Where substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court could have decided the case differently. *Id*. *See also Buckner*, 646 F.3d 549, 556 (8th Cir. 2011); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

For the reasons set out above, a reasonable mind can find the evidence of record sufficient to support the ALJ's determination that Plaintiff was not disabled. Because substantial evidence on the record as a whole supports the ALJ's decision, it must be affirmed. *Davis,* 239 F.3d at 966. The Court may not reverse the decision merely because substantial evidence exists that may support a contrary outcome.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and Michael Whiteaker's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.

So ordered this 29th day of March, 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE